

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JPL:RTP
F.#2011R00980

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 14, 2011

<u>By ECF and Hand Delivery</u>

The Honorable Carol B. Amon
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. Darius Watson</u>
            <u>Criminal Docket No. 11-499 (CBA)</u>

Dear Chief Judge Amon:

      The government respectfully submits this motion <u>in limine</u> in advance of trial seeking an order precluding cross-examination of the government's witnesses on the subjects set forth below.[1]

I.    <u>Background</u>

      At trial, the government anticipates calling New York City Police Department ("NYPD") Officers Corey Martinez and Anthony Gonzalez.

      A.    <u>Officer Martinez</u>

      Officer Martinez was named as a defendant in <u>Wayne Jefferson v. City of New York, et al.</u>, 10-CV-3952 (ILG) (E.D.N.Y.). The complaint, filed on August 30, 2010, alleged, <u>inter alia</u>, false arrest and malicious prosecution against Officer Martinez and ten other NYPD officers. The complaint sought $1,000,000 in compensatory damages and $1,000,000 in punitive damages. On April 13, 2011, the Court dismissed the action against all defendants pursuant to a stipulation of

---

[1]    By this motion, the government also provides information to the defendant pursuant to its obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

settlement in which the City of New York agreed to pay $15,000 to settle the plaintiff's claims. The stipulation of settlement expressly provides that none of the defendants admits to any wrongdoing.

Officer Martinez is also named as a defendant in Darrell Johnson v. City of New York, et al., 11-CV-5170 (WFK) (E.D.N.Y.). The first amended complaint, filed on October 26, 2011, alleges, inter alia, unlawful stop and false arrest. The Court's docket indicates that the defendants must answer the complaint by January 13, 2012.

B. Officer Gonzalez

Officer Gonzalez was named as a defendant in Regina Aiken, et al. v. City of New York et al., 10-CV-946 (RRM) (E.D.N.Y.). The amended complaint, filed on October 23, 2010, alleged, inter alia, false arrest, unlawful imprisonment, assault, and malicious prosecution, stemming from an incident that occurred in 2007. On January 17, 2011, the parties informed the Court that a settlement had been reached and on May 18, 2011, the Court dismissed the action against all of the defendants pursuant to a stipulation of settlement. The stipulation of settlement expressly provides that none of the defendants admit to any wrongdoing.

II. DISCUSSION

Federal Rule of Evidence 608(b) provides that "[s]pecific instances of conduct of a witness" may be inquired into on cross-examination only "if probative of truthfulness or untruthfulness." "Rule 608(b) is intended to be restrictive ... The rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness." See Weinstein & Berger, Weinstein's Federal Evidence § 608.22[2][c][I] (2d ed. 1997); see also United States v. Nelson, 365 F. Supp. 2d 381, 386 (S.D.N.Y. 2005).

Based on the information that the government currently has concerning the Aiken and Johnson actions, the government submits that the underlying allegations do not go to credibility. For example, the crux of the Aiken action appears to be that Officer Gonzalez and the ten other NYPD officer-defendants named in the action arrested the Aiken plaintiffs without a warrant and assaulted them. The crux of the Johnson action appears to be that Officer Martinez falsely arrested the Johnson plaintiffs because of the plaintiffs' race. These issues are not proper 608(b) cross-examination material and the defendant should not be

3

able to question the officers on these matters. See, e.g., United States v. Stone, No. 05-CR-0401, 2007 WL 4410054, at *1 (E.D.N.Y. Dec. 14, 2007) (precluding cross-examination of police officer regarding prior complaints against officer regarding assault because not probative of truthfulness); United States v. Schwab, 886 F.2d 509, 511 (2d Cir. 1989) (misconduct offered to show bias does not fall under Rule 608(b)).

    Moreover, the allegations in all of the actions are just that, allegations. The Johnson action is still in the pleading stage and cross-examination should not be permitted because the allegations are "no more probative of [an officer's] credibility than any arrestee's assertion that the police have lied concerning the circumstances of an arrest." United States v. Belk, 2002 WL 342585, at *4 (S.D.N.Y. Mar. 4, 2002) (precluding cross-examination concerning pending CCRB complaint in felon-in-possession case).[2] Similarly, although the City of New York settled the Jefferson and Aiken actions, neither Officer Gonzalez nor Martinez admitted to any wrongdoing, and the actions were dismissed with the plaintiff's allegations remaining unproven and unsubstantiated.

    In addition, cross-examination as to these matters should also be precluded under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, and waste of time. Because the Johnson action is the pleading stage, it would be unfairly prejudicial to require Officer Martinez to answer the underlying allegations for the first time while on the witness stand in this case. Moreover, any reference to the underlying allegations in the actions may mislead the jury into believing that the allegations are true when, in fact, the allegations in all of the actions remain unproven. Indeed, the Jefferson and Aiken actions were resolved without any admission of wrongdoing by the officers. Finally, delving into the details of the actions would also cause undue delay and waste time, in effect creating a trial within a trial.

    For these reasons, the government respectfully requests that the Court preclude the defendant from cross-examining

---

    [2] For the same reasons, the Court should preclude the defendant pursuant to Rule 611 from questioning Officer Martinez about the allegations underlying the Johnson action to show any purported bias.

4

Officers Martinez and Gonzalez regarding the incidents described above.

## **CONCLUSION**

For the reasons set forth above, the government requests that the Court grant this motion in limine.

Respectfully submitted,
LORETTA E. LYNCH
United States Attorney

By: /s/
Robert T. Polemeni
Assistant U.S. Attorney
(718) 254-6044

cc: Clerk of the Court (CBA) (ECF)